
FILED
RICHARD W. NAGEL
CLERK OF COURT

2017 SEP 11 AM 9:27

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CONTENTS OF ACCOUNT XXX1268,
UP TO TWO HUNDRED FIFTEEN
THOUSAND TWELVE DOLLARS AND
FIFTY-FIVE CENTS ($215,012.55), IN
THE NAME OF ETERNAL FOOD
SERVICE CORPORATION, DBA
ETERNAL TRADING CORPORATION,
AT JP MORGAN CHASE BANK, NA,
3965 STATE ROUTE 22 & 3,
LOVELAND, OHIO 45140,

    Defendant.

CASE NO.: 1:13-cv-172

MAGISTRATE JUDGE BOWMAN

## DEFAULT JUDGMENT AND DECREE OF FORFEITURE

The United States filed a verified Complaint for Forfeiture in Rem on March 15, 2013. (ECF No. 1). This is a civil action *in rem* brought against the Defendant which is more fully described as Contents of Account xxx1268 up to Two Hundred Fifteen Thousand Twelve Dollars and Fifty-Five Cents ($215,012.55) in the name of Eternal Food Service Corporation d/b/a Eternal Trading Corporation, at JP Morgan Chase Bank, NA, 3965 State Route 22 & 3, Loveland, Ohio 45140 (the "Defendant") to enforce the provisions of 31 U.S.C. § 5317(c)(2), which provides for the forfeiture of:

> Any property involved in a violation of section 5313, 5316, or 5324 of this title, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy

A Warrant of Arrest in Rem issued by the Clerk of Court on March 27, 2013 (ECF No. 2) directed the United States Department of the Treasury to arrest the Defendant. In accordance with the Warrant of Arrest in Rem, the United States Department of the Treasury arrested the Defendant, bringing the Defendant within the jurisdiction of the Court. (ECF No. 3).

Also pursuant to the Warrant of Arrest in Rem, on March 29, 2013, the United States posted notice of this civil forfeiture action on the official government internet publication site (www.forfeiture.gov) for 30 consecutive days, as required by Supplemental Rule G(4)(a)(iv)(C). (ECF No. 6).

Pursuant to Supplemental Rule G(4)(b)(i) and (ii), the United States is required to send Direct Notice of the action with a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Supplemental Rule G(5)(a)(ii)(B). The Direct Notice instructs the potential claimant or the potential claimant's attorney of the date the notice was sent; the deadline for filing a claim, at least thirty-five days after the Direct Notice was placed in the mail; that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and the name of the United States Attorney to be served with the claim and answer. The Direct Notice must be sent by means reasonably calculated to reach the potential claimant.

On March 26, 2013, the United States sent direct notice letters and copies of the complaint by certified and regular U.S. Mail to Eternal Food Service Corporation Attn: Xinsen Zheng; Xinsen Zheng; Xinsen Zheng via his attorney, Christopher McDowell; Eternal Trading Corporation Attn: Kong Fei Ni as Registered Agent; Kong Fei Ni; Eternal Food Service Corporation Attn: Hui Li as Registered Agent; Eternal Food Service Corporation Attn: Jing Jing Ni as Registered Agent; JP Morgan Chase Bank NA; Guiling Zheng; and Qing Xia Zheng, as

2

potential claimants in this matter at their last known addresses. (ECF No. 5).

On April 26, 2013, Eternal Trading Corporation d/b/a Eternal Food Service filed a Verified Claim to the Defendant. (ECF No. 4).

On May 6, 2013, Eternal Trading Corporation d/b/a Eternal Food Service filed its Answer to the Verified Complaint. (ECF No. 7).

The parties initially agreed to stay the case on December 18, 2013 (ECF No. 13); to extend the stay on June 17, 2014 (ECF No. 17, granted by Notation Order); on December 16, 2014 (ECF No. 19, granted by Notation Order); on June 17, 2015 (ECF No. 21, granted by Notation Order); on December 8, 2015 (ECF No. 23, granted by Notation Order); on June 7, 2016 (ECF No. 25, granted by Notation Order); and on November 30, 2016 (ECF No. 27, granted by Notation Order). The stay ended on June 6, 2017. *Id*.

On June 2, 2017, Enson Trading LLC d/b/a Eternal Food Service ("Enson") was charged in a two-count Information in *United States of America v. Enson Trading LLC d/b/a Eternal Food Service*, Case No. 1:17-cr-61 (S.D. Ohio). (Case No 1:17-cr-61, ECF No. 1). Count 1 charged Enson with Failure to File Form 8300 by a Nonfinancial Trade or Business for Cash Transactions Over $10,000, in violation of 31 U.S.C. §§ 5331 and 5322(b); and Count 2 charged Enson with Conspiracy to Continue Operations After Imposition of an Out-Of-Service Order in violation of 18 U.S.C. § 371. *Id*.

On June 2, 2017, Enson entered into a Plea Agreement (Case No. 1:17-cr-61, ECF No. 2) with the United States in which the authorized corporate representative of Enson Trading LLC d/b/a Eternal Food Service, on behalf of and with the express authorization of Enson Trading LLC

3

d/b/a Eternal Food Service1 (Case No. 1:17-cr-61, ECF No. 2, at PAGEID # 12-13, 19), agreed to plead guilty to Counts 1 and 2 of the Information and (1) withdrew its Verified Claim (ECF No. 4) and Answer (ECF No. 7) in the instant case, and (2) consented to the forfeiture of the Defendant in the instant case pursuant to 31 U.S.C. § 5317(c)(2) because the Defendant was involved in or is traceable to one or more violations of 31 U.S.C. § 5331. (Case No. 1:17-cr-61, ECF No. 2, PAGEID # 11 at ¶8).

On July 11, 2017, Enson's arraignment and plea hearing was held before the Honorable Timothy S. Black (Case No. 1:17-cr-61, Notation Order, Dated July 18, 2017), during which Enson's representative was sworn, and the Court confirmed that the representative was authorized to proceed on behalf of Enson. *Id.* Enson, through its representative, affirmed the Plea Agreement and Statement of Facts, specifically acknowledged and affirmed Enson's forfeiture obligation, and entered pleas of guilty to Counts 1 and 2 of the Information, which were accepted by the Court. *Id.*

As of July 11, 2017, no other person or entity has filed a claim to the Defendant or an answer to the United States' Complaint for Forfeiture *in Rem*, and the time for filing a claim and answer has expired.

On August 14, 2017, the Clerk of this Court entered a default against Enson Trading LLC d/b/a Eternal Food Service Corporation d/b/a Eternal Trading Corporation; the Defendant Contents of Account xxx1268 up to Two Hundred Fifteen Thousand Twelve Dollars and

---

1 Enson acknowledged in the Plea Agreement that it had authority to act on behalf of Eternal Trading Corporation d/b/a Eternal Food Service. (Case No. 1:17-cr-61, ECF No. 2, at PAGEID # 11). In 2010, Eternal Food Service started using the corporate name Eternal Trading Corporation. In 2012, Eternal Trading d/b/a Eternal Food Service combined businesses with Enson Trading LLC and continues to operate as Enson Trading LLC d/b/a Eternal Food Service. *Id.* at PAGEID # 14.

Fifty-Five Cents ($215,012.55) in the name of Eternal Food Service Corporation d/b/a Eternal Trading Corporation, at JP Morgan Chase Bank, NA, 3965 State Route 22 & 3, Loveland, Ohio 45140; and all other persons and entities who might have an interest in the Defendant for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (ECF No. 34).

Therefore, it is hereby ORDERED that, in accordance with Fed. R. Civ. P. 55(b)(2), 18 U.S.C. § 983(a)(4)(A) and (B), and Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims a default judgment is granted to the United States against Enson Trading LLC d/b/a Eternal Food Service Corporation d/b/a Eternal Trading Corporation; the Defendant Contents of Account xxx1268 up to Two Hundred Fifteen Thousand Twelve Dollars and Fifty-Five Cents ($215,012.55) in the name of Eternal Food Service Corporation d/b/a Eternal Trading Corporation, at JP Morgan Chase Bank, NA, 3965 State Route 22 & 3, Loveland, Ohio 45140; and all other persons and entities who might have an interest in the Defendant for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

It is further ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the Defendant is CONDEMNED and FORFEITED to the United States pursuant to 31 U.S.C. § 5317(c)(2). All right, title, and interest in the Defendant, namely, Contents of Account xxx1268 up to Two Hundred Fifteen Thousand Twelve Dollars and Fifty-Five Cents ($215,012.55) in the name of Eternal Food Service Corporation d/b/a Eternal Trading Corporation, at JP Morgan Chase Bank, NA, 3965 State Route 22 & 3, Loveland, Ohio 45140, is vested in the United States of America and no right, title, or interest shall exist in any other person or entity. The United States

shall dispose of the Defendant in accordance with the law.

_____
Stephanie K. Bowman
UNITED STATES MAGISTRATE JUDGE